UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN DENESSE                                CIVIL ACTION

VERSUS                                        NO: 03-3280

ISLAND OPERATING COMPANY,                     SECTION: J(4)
INC. and PHIL GUILBEAU
OFFSHORE, INC.

### ORDER AND REASONS

Before the Court is **Anadarko Petroleum Corporation's Motion for Partial Summary Judgment on Plaintiff's Supplemental Complaint (Rec. Doc. 100)**.  This motion, which was opposed, was set for hearing on January 31, 2007, without oral argument.  Having reviewed the motion, the memoranda of counsel, and applicable law, the Court finds that material fact issues are present, which preclude summary judgment.

**Background:**

This lawsuit alleges that Martin Denesse ("Denesse"), a paramedic/clerk employed by GPM/Medic Systems, Inc. ("GPM"), injured his back in 2003 during a personnel basket transfer from Anadarko's Eugene Island 306A structure to the M/V MIA MALLOY.  Denesse sued Island Operating Company, Inc. ("Island") and Phil Guilbeau Offshore, Inc. ("Guilbeau").  Island was the operator of the platform and provided the crane operator pursuant to a contract it had with Anadarko.  Guilbeau owned and operated the vessel.  After the suit was filed, Guilbeau filed a third party

claim against Anadarko seeking contractual indemnity pursuant to a Master Time Charter Agreement entered into between Anadarko and C&G Boats, Inc. ("C&G"), who brokered the vessel.  In a June 1, 2006 Order, the Court granted summary judgment in favor of Anadarko and dismissed the Guilbeau's third-party claim against Anadarko.  Thereafter, Plaintiff filed a supplemental Complaint, making Anadarko an "additional party defendant." (Rec. Doc. 69).

**The Arguments of the Parties:**

Anadarko claims that none of Plaintiff's experts reports discuss or analyze any of Anadarko's actions.  (See Exhibit 2,3, and 4 to Anadarko's motion).  Instead, the reports discuss the actions of Guilbeau and Island.  Specifically, the reports appear to implicate either the crane operator (an Island employee) or the vessel's captain (a Guilbeau employee) as being responsible for Plaintiff's injuries.  Anadarko also notes that the only paragraph that asserts liability against Anadarko in the Supplemental Complaint does so generally.  It states:

> Plaintiff alleges that the accident and injuries sustained by him and complained of in the original complaint were caused by the negligence of the defendant, Anadrako Petroleum Corporation, and plaintiff is entitled to recover directly from Anadarko Petroleum Corporation for such negligence . . .

(Plaintiff's Supplemental Complaint, ¶ 4).  Further, Anadarko claims that the depositions taken of the crane operator, Plaintiff, and another Anadarko employee contain no facts making

2

out any specific negligence on the part of Anadarko.  Thus, Anadarko asserts that Plaintiff has not and can not proffer any facts to show any specific negligence on its part. Anadarko contends that summary judgment should be granted in its favor, dismissing Plaintiff's claims.

In opposition, Plaintiff asserts that the depositions of Plaintiff and the crane operator do indicate potential liability on the part of Anadarko.  In fact, Plaintiff claims that the decision of whether to use a helicopter transfer or a vessel transfer was left to Anadarko.  Plaintiff further asserts that weather conditions were such that a helicopter transfer would have been safer.  Thus, Plaintiff claims there is a question of fact that remains as to whether Plaintiff should have been transferred by a helicopter - as opposed to a vessel.

Also in opposition, Island asserts that if the jury concludes that a helicopter transfer should have been used - instead of a vessel transfer - then Anadarko should remain a party to this lawsuit, as that decision was exclusively left to Anadarko's personnel.

**Discussion:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

This Court finds that there is a genuine issue of material fact as to whether a vessel transfer should have been used, as opposed to a helicopter transfer. Because the testimony indicates that decision was Anadarko's, it is a jury issue as to whether or not the weather circumstances were such that it was unsafe to transfer by vessel. Accordingly,

**IT IS ORDERED** that the **Petroleum Corporation's Motion for Partial Summary Judgment on Plaintiff's Supplemental Complaint (Rec. Doc. 100)** should be and is hereby **DENIED**.

New Orleans, Louisiana this 9th day of February, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4